Jerry Wayne MATTHIAS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–84–00318–CR, C14–85–00012–Cr, A14–85–00013–CR and B14–85–00014–CR.

Court of Appeals of Texas, Houston (14th Dist.)

July 18, 1985.

Rehearing Denied Aug. 15, 1985, in No. 14–84–318CR.

Robert A. Shults, of Shults, Hetherington, Linder & Tarics, William W. Burge, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, Roe Morris, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction on four of six counts of felony theft under Section 31.03(b)(2) of the Texas Penal Code. The appellant pled not guilty, and the jury found him guilty of counts one, two, three and five. The state abandoned count four, and the trial court instructed the jury to find appellant not guilty on count six. The court assessed punishment at six years' confinement as to each count and assessed a fine of $5,000.00 as to count one. We affirm in part and reverse and remand in part.

During trial, the state relied heavily on the testimony of David Alto, an accomplice in the thefts. Because Alto was a drug addict, it was necessary for him to steal to support his habit. He met appellant shortly after he (Alto) was released from prison following a burglary conviction. In July of 1982, appellant and Alto drove through appellant's neighborhood and discussed which houses would be good targets for a burglary. Alto would then burglarize the houses and deliver the stolen goods to appellant in exchange for cash. Counts one, two, three and five of the indictment involve houses in appellant's neighborhood which Alto burglarized. Count six relates to appellant's purchase of five firearms from Alto. These weapons were furnished to Alto by Houston Police Department Detective Dallas Bingley and were taken by Bingley from the police property room. Alto agreed to be wired for sound and was instructed by Detective Bingley to call appellant and offer to sell him the weapons. Alto followed instructions, and the transaction was successfully recorded by the po-

lice. After this sale was consummated, a search warrant was issued, appellant's house was searched, and many items were seized. Appellant was arrested and charged with felony theft.

■ In his first ground of error appellant asserts that the trial court erred in denying his Motion for Mistrial based on the state's evidence of an extraneous offense in its presentment of evidence relating to count six. Detective Bingley testified that the guns were taken from the police property room and belonged to the City of Houston. Appellant made no objection to this testimony until after the state rested. By failing to make a timely objection to the testimony, appellant did not offer the trial court an opportunity to sustain an objection and instruct the jury to disregard the evidence. Although he claimed that his Motion for Mistrial represented his first opportunity to object to the evidence, appellant failed to show why he could not object when the testimony was offered. Appellant has waived any objection he may have had to the evidence. *Gentry v. State*, 494 S.W.2d 169 (Tex.Crim. App.1973); *Brown v. State*, 460 S.W.2d 925 (Tex.Crim.App.1970). Appellant's first ground of error is overruled.

Appellant argues in his second ground of error that the trial court committed reversible error by overruling his objections to evidence of extraneous offenses which were not proved to be committed by appellant. Specifically, he complains of the testimony of Lieutenant Richard Rekieta of the Houston Police Department. Lieutenant Rekieta testified that pursuant to his search of appellant's bedroom, he observed "dozens of pieces of jewelry" on the dresser. Appellant *objected to* this testimony on the ground that it *tended* to show an extraneous offense not proved to be committed by him.

■ It is well settled that evidence not described in a valid warrant, but lawfully seized pursuant to the warrant, is admissible. *Chambers v. State*, 508 S.W.2d 348, 352 (Tex.Crim.App.1974); *Phenix v. State*, 488 S.W.2d 759, 766 (Tex.Crim.App.1972).

Further, the state made no allegation that the jewelry was stolen. It attempted to establish as stolen only those items which were seized at appellant's house and listed in the indictment. In addition, any negative inference the jury could have attached to the evidence was overcome by the testimony of appellant's witness, Patricia Hornburg, that appellant was a collector of jewelry. When asked on cross-examination how the jewelry got on the dresser, appellant himself testified that he may have put it there. Error, if any, was therefore waived. Appellant's second ground of error is overruled.

■ In his third ground of error appellant contends the evidence was insufficient to support the verdict. Count one of the indictment alleges that appellant unlawfully appropriated property from Cheryl Magee "knowing the property was stolen and obtained from the Complainant by another person, namely, David Alto." Counts two, three and five are identical except the complainant is different in each count of the indictment. The elements of the offense with which appellant is charged are: (1) a person, (2) with the intent to deprive the owner of property, (3) appropriates property, (4) which is stolen property, (5) knowing it was stolen, (6) by another. Tex.Penal Code Ann. § 31.03(b)(2) (Vernon Supp. 1985). The state pled more than was necessary by alleging appellant knew the property was *obtained from Cheryl Magee*, or other named complainants. When there are unnecessary allegations in an indictment that are descriptive of that which is legally essential to charge a crime, they must be proven as alleged even though needlessly stated. *Weaver v. State*, 551 S.W.2d 419 (Tex.Crim.App.1977). However, unnecessary words or allegations in an indictment may be rejected as surplusage if they are *not* descriptive of that which is legally essential to charge a crime. *Windham v. State*, 638 S.W.2d 486 (Tex. Crim.App.1982). We find the unnecessary allegation of knowledge that the property was stolen from a specific named person is legally essential to these charges of a

or1983xt...

crime; therefore, the proof must support the allegations or the evidence will be insufficient to support a conviction. *Franklin v. State,* 659 S.W.2d 831 (Tex.Crim.App. 1983); *Seiffert v. State,* 501 S.W.2d 124 (Tex.Crim.App.1973).

Cheryl Magee was the named complainant in count one. Alto testified that on or about July 24, 1982, he and appellant drove around appellant's neighborhood to discuss and plan "some burglaries." They looked at Cheryl Magee's residence, and Alto determined that it was a "good house" because it appeared that no one was home. On returning to appellant's house, they called Cheryl Magee's home after looking up the number in appellant's neighborhood directory. When no one answered, Alto walked from appellant's house to complainant's and rang the doorbell. Again no one answered. Alto pried open a door with a screwdriver, entered and took some stereo components, jewelry and a gun from Magee's residence, then returned to appellant's house. The entire transaction took about fifteen minutes. Alto sold the stereo components and jewelry to appellant and placed the components in a closet in appellant's back bedroom.

Under Section 31.03(c)(2) of the penal code, the uncorroborated testimony of an accomplice is sufficient to establish knowledge or intent of an actor charged with theft under Section 31.03(b)(2). Since Alto testified that appellant knew he was going to burglarize Cheryl Magee's house, and he returned to appellant's house and sold him the property taken from her residence immediately after committing the offense, we find that this evidence is sufficient to establish that appellant knew the property was stolen from the named complainant in count one. However, the state has failed to prove that appellant had any knowledge of the named complainants in counts two, three and five, or that he knew the items of property he purchased from Alto were "obtained" from them. There is no doubt appellant knew he was purchasing stolen property; however, there is simply no proof he knew from whom it was stolen. We overrule appellant's third ground of error as to count one and sustain it as to counts two, three and five.

Appellant argues in his fourth ground of error that the trial court erred in overruling his objection to hearsay testimony. The testimony objected to was that of Kathy Coffman, President of the Homeowner's Association in appellant's neighborhood. It concerned the procedure that the neighborhood residents were encouraged to follow; *i.e.,* notify the security guard or the neighborhood director of security when they went out of town.

First, appellant's objection at trial did not raise the issue of hearsay. It was established that appellant at one time was the security director of the neighborhood. Appellant objected to the testimony of "procedures" because it had not been established that any witnesses called appellant to report that they were going out of town. He argued the prejudicial effect of the testimony outweighed its probative value. The ground of error urged on appeal must comport with the objection raised at trial, otherwise nothing is presented for review. *Smith v. State,* 683 S.W.2d 393, 407 (Tex. Crim.App.1984); *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Crim.App.1978).

Second, even if we were to find that appellant's objection at trial was based on hearsay, his ground of error must nonetheless be overruled. Hearsay is generally defined as evidence of a statement made out of court which is offered for the purpose of proving the truth of that statement. *Girard v. State,* 631 S.W.2d 162, 164 (Tex.Crim.App.1982). Coffman's testimony as to the policy of homeowners in appellant's neighborhood was based on her personal knowledge as president of the Homeowner's Association. Appellant's fourth ground of error is overruled.

In his final ground of error appellant contends that the trial court erred in failing to grant a mistrial when it discovered that a juror was not a resident of Harris County. Before trial had concluded, the court recessed for the weekend. On Sunday eve-

ning a juror telephoned the trial judge to inform him that she had been in an automobile accident and would need transportation from her home in Missouri City to the courthouse. It was during the course of this conversation that the judge discovered the juror was a resident of Fort Bend County. Prior to resuming trial on Monday morning, the court informed counsel of the matter. The record does not show that counsel for appellant moved for a mistrial at that time. A motion for mistrial was made and denied after both sides had rested and closed and after the juror in question had testified out of the presence of the other jurors. Her testimony indicates that the official juror information form was sent to her mother's home in Harris County. She changed the address on the form to reflect her current street and number in Missouri City but left her city of residence as Houston. She testified that she receives mail addressed to Houston as well as to Missouri City; the only difference was that mail addressed to Houston has a ZIP Code of 77053, while that addressed to Missouri City has a ZIP Code of 77453. Neither the state nor appellant challenged the juror for cause at voir dire or at any time prior to her testimony.

Article 35.12 of the Texas Code of Criminal Procedure provides as follows:

> In testing the qualification of a prospective juror after he has been sworn, he shall be asked by the court, or under its direction:
>
> 1. Except for failure to register, are you a qualified voter in this county and state under the Constitution and laws of this state?
>
> 2. Have you ever been convicted of theft or any felony?
>
> 3. Are you under indictment or legal accusation for theft or any felony?

There is nothing in the record which indicates that this procedure was or was not followed. The mandatory language of Article 35.12 merely requires the court to accurately prescribe the test upon which the parties may base their challenges for cause. *Lowe v. State,* 88 Tex.Crim. 316, 226 S.W. 674, 682 (1921).

Article 35.16 of the Texas Code of Criminal Procedure provides in pertinent part as follows:

> (a) A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. A challenge for cause may be made by either the state or the defense for any one of the following reasons:
>
> 1. That he is not a qualified voter in this state and county under the Constitution and laws of the state; provided, however, the failure to register to vote shall not be a disqualification;
>
> 2. That he has been convicted of theft or any felony;
>
> 3. That he is under indictment or other legal accusation for theft or any felony;
>
> 4. That he is insane; ...
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> No juror shall be impaneled when it appears that he is subject to the second, third or fourth grounds of challenge for cause set forth above, although both parties may consent. All other grounds for challenge may be waived by the party or parties in whose favor such grounds of challenge exist....

Since the ground for challenging this juror for cause is the *first* under Article 35.16, appellant waived it by failing to inquire about the juror's qualifications during the voir dire examination of the jury panel and by failing to present his challenge at that time. *Mangum v. State,* 493 S.W.2d 798, 799 (Tex.Crim.App.1973).

Appellant argues that *Salazar v. State,* 562 S.W.2d 480 (Tex.Crim.App.1978), supports his contention that he is entitled to a new trial. Salazar was a Mexican-American male charged with indecency with a child. The juror was previously a witness to the sexual assault of his daughter by a Mexican-American male. This was obviously "material information likely to affect the juror's verdict." *Salazar v.*

*State*, 562 S.W.2d at 482. The fact that the juror in this case failed to change the city on her juror information form is not material information likely to affect her verdict. Appellant's fifth ground of error is overruled.

We affirm the judgment of the trial court as to count one, and reverse and remand with instructions to enter judgments of acquittal as to counts two, three and five.