Jon E. MAYO, Appellant,

v.

The STATE of Texas, State.

Nos. 2–96–394–CR, 2–96–395–CR.

Court of Appeals of Texas,
Fort Worth.

May 14, 1998.

Don Hase, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Anne E. Swenson, David M. Curl, Asst. Criminal Dist. Atty., for state.

Before LIVINGSTON, RICHARDS and HOLMAN, JJ.

## OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW

HOLMAN, Justice.

Our prior opinion and judgment of January 29, 1998 is withdrawn. A jury in Tarrant

County convicted Jonathan E. Mayo of aggravated sexual assault of a child and indecency with a child. The jury sentenced Mayo to life imprisonment for the sexual assault and twenty years' confinement for indecency with a child. The jury included a person disqualified to serve on the jury, and we reverse and remand for a new trial.

## The Issue

The issue illumines the clash between the legislature's statutory protection of privacy that restricts disclosure of criminal trial jurors' home addresses to anyone including the defendant, and a defendant's right to recognize and challenge venire members who are non-citizens, a class of persons that the legislature has statutorily disqualified from jury service.

If courts and prosecutors learn a juror's home address during the jury selection process, their disclosure of that information to *anyone* is statutorily forbidden in the absence of good cause shown. *See* TEX.CODE CRIM. PROC. ANN. Art. 35.29 (Vernon Supp. 1998). And at least one court of appeals has approved a trial court's *post*-trial denial of a defendant's motion for access to jurors' home addresses, finding no good cause. *See Hooker v. State*, 932 S.W.2d 712, 716 (Tex.App.—Beaumont 1996, no pet.). If article 35.29 requires an accused to carry a burden of proving good cause before knowing whether venire members are truly challengeable as non-citizens, then the accused is saddled with a dilemma. The accused may be unable to prove good cause without knowing the jurors' protected home addresses, yet is unable to get the protected home addresses without demonstrating good cause. If the judge in a criminal trial routinely allows inquiry at voir dire about each venire member's confidential home address to enable the accused to learn whether one or more venire members is challengeable as a non-citizen, that will defeat the privacy the legislature has granted jurors. On the other hand, the trial court's adherence to the provisions of article 35.29 can easily defeat a defendant's right to challenge and exclude a non-citizen from the jury by effectively preventing the defendant's verification of the citizen-status of the venire

members without showing good cause based upon sworn testimony or other sufficient supportive evidence in the record. *See id.*

## Background

At the end of voir dire in Mayo's trial, a 12–member jury was selected from the venire assigned to the trial court after being summoned and processed by the Tarrant County Jury Administrator's staff in the central jury room. Although unknown to the prosecutors or to defense counsel at the time of trial, a woman seated on the jury was a citizen of Dallas County. There is no evidence that she was ever a citizen of Tarrant County, and her Dallas County citizenship became known only because of an investigation of alleged jury misconduct.

A few days after the trial, the woman voluntarily contacted the central jury room and told them she thought there had been juror misconduct during the trial. She said that a juror had read an incorrect preliminary draft of the jury charge before the jury received the actual charge, and that the juror had lied to the court when he was asked if that had happened. Mayo's trial attorney filed a motion for new trial on grounds that the State had violated a motion in limine during the trial and that the jury had been allowed to see the incorrect draft of the court's charge.

Then Mayo's trial attorney presented, and the trial court granted for good cause shown, a motion for disclosure of juror information. The trial court ordered the central jury room to provide Mayo's counsel with address and telephone information about the jurors. Before that order, the complete home addresses of the jurors were not disclosed to counsel apparently because Texas Code of Criminal Procedure article 35.29 cloaks jurors' addresses in confidentiality and prevents disclosure of those addresses except upon a showing of good cause. *See* TEX.CODE CRIM. PROC. ANN. art. 35.29 (Vernon Supp.1998). Plainly, article 35.29 is intended to protect jurors by keeping their addresses and other personal information confidential in the absence of a trial court order. Neither Mayo nor the prosecutor knew the jury included a citizen of Dallas County. During closing argu-

ments, the prosecutor implored the jury: "[Y]ou as 12 citizens of Tarrant County can set the standard."

The record does not reflect whether in the voir dire the trial court took judicial notice of the fact that Grand Prairie, shown on the venire list as the city where the disqualified juror resides, is a city that is located partly in Dallas County and partly in Tarrant County, that her zip code is a valid Tarrant County zip code, and that a Tarrant County venire often includes Tarrant County citizens who live in the Tarrant County portion of Grand Prairie. *See* TEX.R.CRIM. EVID. 201(b)(c).

After receiving the Dallas citizen's address through court-ordered discovery, Mayo's trial attorney and an investigator interviewed the woman at her home in the city of Grand Prairie, only a few blocks from the city limits of Dallas. Upon researching the deed, tax, and city planner's records, the investigator determined that the woman's home is not only located in Dallas County, it is several miles outside the Tarrant County line. Mayo's trial attorney then asked the trial court for leave to file an amended motion for new trial, stating as an additional ground that a statutorily disqualified juror had served on the jury. The trial court granted leave to file the amended motion for new trial, but then denied the motion.

### Motion for New Trial

■ The State raises several grounds in its petition for discretionary review, including an assertion that our opinion in this appeal does not adequately address the issue of whether the trial court could grant Mayo the right to file an amended motion for new trial after the 30–day period for filing expired. We agree that the authority presented by the State shows that a trial court has no authority to grant leave to file an amendment to a motion for new trial more than 30 days after the entry of the judgment. However, because Mayo could not waive the presence of the absolutely disqualified juror at his trial and did not discover the juror was disqualified until after the 30–day period for filing a motion for new trial, Mayo may raise the

issue of a non-county resident serving on his jury for the first time on appeal.

Rule of appellate procedure 21.4(b) states: *To Amend.* Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.

TEX.R.APP. P. 21.4(b). In construing 21.4(b)'s predecessor rules, the Court of Criminal Appeals has held that both the motion for new trial and any amendment thereof must be filed within the 30–day period. *See Drew v. State*, 743 S.W.2d 207, 222 (Tex.Crim.App. 1987); *see also* former TEX.R.APP. P. 31, 49 Tex. B.J. (Tex.Crim.App.1986, revised 1997). This court has held that failure to comply with the 30–day deadline preserves nothing for appellate review because an original or amended motion for new trial filed after the 30–day period, with or without leave of the trial court, is a nullity. *Johnson v. State*, 925 S.W.2d 745, 747 (Tex.App.—Fort Worth 1996, pet. ref'd).

However, in *Marin v. State*, 851 S.W.2d 275 (Tex.Crim.App.1993), *overruled on other grounds, Cain v. State*, 947 S.W.2d 262 (Tex. Crim.App.1997), the court reasoned that our criminal adjudicatory system contains three distinct types of rules: (1) absolute requirements and prohibitions; (2) rights of litigants that must be implemented by the system unless expressly waived; and (3) rights of litigants that are to be implemented upon request. *See id.* at 278–79. Only when this third category of rules is implicated may the defendant forfeit his right by the failure to exercise it. *See Wright v. State*, 873 S.W.2d 77, 82 (Tex.App.—Dallas 1994, pet. ref'd).

In *Marin*, the court held that a defendant's right that his appointed counsel have 10 days to prepare for trial belongs in the second category, that is, it must be implemented unless expressly waived. *See id.* at 280. There, the court reasoned that "the Legislature said so expressly by providing that appointed counsel 'may waive the [10 days of] preparation time with the consent of the defendant in writing or on the record in open court.'" *Id.* (citing TEX.CODE CRIM.

PROC. ANN. art. 1.051(e) (Vernon 1995)). Therefore, a trial court's denial of the right to 10–days' preparation time is preserved on appeal for a fundamental error analysis even though there was no objection at trial.

Here, the juror's disqualification from jury service did not derive directly from the constitution, but from government code section 62.102. And that statute was passed by the legislature pursuant to its broad constitutional authority to regulate the right of trial by jury and to prescribe the qualifications of jurors. TEX. CONST. art. I, § 15 & art. XVI, § 19. The legislature expressly provided that one of the minimum qualifications for jurors is that they be citizens of the State and of the county in which they are to serve as a juror. TEX. GOV'T CODE ANN. § 62.102(1) (Vernon 1988). This was done, presumably, to set standards in Texas for the constitutional right to trial by a jury guaranteed by the Sixth Amendment of the United States Constitution. U.S. CONST. amend. VI. The government code sets the *minimum* qualifications of a juror [1] and thus establishes a defendant's right to be tried by a qualified jury.

While the legislature clearly has the power to limit a defendant's right to complain of errors in juror qualifications, as evidenced by code of criminal procedure sections 35.16, 35.19, and 44.46, the legislature has not abrogated an accused's right to appeal the presence of a non-citizen of the county on his jury, which is a violation of the express terms of the government code minimal qualifications. *See* TEX.CODE CRIM. PROC. ANN. arts. 35.16, 35.19, 44.46 (Vernon 1989 & Supp. 1998).

We hold that Mayo's right to have a jury comprised of county-citizens, as expressed by the legislature in government code section 62.102, falls into the second category of rights illustrated in *Marin*, rights of litigants that must be implemented by the system unless expressly waived. *See Marin*, 851 S.W.2d at 280. Enlightening in this regard is the Legislature's direction in code of criminal procedure article 44.46 that a defendant

may raise the disqualification of juror under article 35.19 for the first time on appeal if he can show harm. *See* TEX.CODE CRIM. PROC. ANN. art. 44.46(2) (Vernon Supp.1998). While article 44.46 does not apply to disqualification of a non-county citizen, it emphasizes the fundamental nature of a defendant's right to a qualified jury.

Additionally, the record shows that Mayo discovered the juror's disqualification only after the trial court ordered the central jury room to release juror home addresses. That order was entered pursuant to Mayo showing "good cause" under code of criminal procedure article 35.29 on an unrelated matter concerning jury misconduct. *See* TEX.CODE CRIM. PROC. ANN. art. 35.29 (Vernon Supp. 1998). It is extremely unlikely Mayo would have been able to obtain those confidential addresses merely to check if any of the jurors came from outside the county. Where a defendant is denied information about the disqualification of a juror, we are reluctant to hold that he can waive an unknown defect by failing to comply with the procedural rules regarding motions for new trial. *See Thomas v. State*, 796 S.W.2d 196, 198–99 (Tex. Crim.App.1990); *State v. Holloway*, 886 S.W.2d 482, 484 (Tex.App.—Houston [1 st Dist.] 1994, pet. ref'd), *cert. denied*, 516 U.S. 922, 116 S.Ct. 318, 133 L.Ed.2d 220 (1995).

For these reasons, whether the trial court had authority to grant Mayo leave to file an amended motion for new trial outside the 30–day period is immaterial to the case. We hold Mayo may raise the non-county citizen status of a juror for the first time on appeal.

## Disqualification of Jurors

Texas Constitution article I, section 10, establishes the right of an accused to a trial by a jury. Article XVI, section 19, requires the legislature to prescribe the qualifications of jurors. The legislature has enacted Government Code section 62.102, which is a list of disqualifications:

---

**1.** *See Cantu v. State*, 842 S.W.2d 667, 685 n. 13 (Tex.Crim.App.1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993).

A person is *disqualified* to serve as a petit juror unless he:

(1) is at least 18 years of age;

*(2) is a citizen of this state and of the county in which he is to serve as a juror;*

(3) is qualified under the constitution and laws to vote in the county in which he is to serve as a juror;

(4) is of sound mind and good moral character;

(5) is able to read and write;

(6) has not served as a petit juror for six days during the preceding three months in the county court or during the preceding six months in the district court;

(7) has not been convicted of a felony; and

(8) is not under indictment or other legal accusation of misdemeanor or felony theft or any other felony.

TEX. GOV'T CODE ANN. § 62.102 (Vernon 1988) (emphasis added).

Mayo contends that the Dallas County citizen who was seated on his jury was disqualified from serving on a Tarrant County jury because of section 62.102(2).

### Waiver

Despite the fact that jury administrators retained the prospective jurors' addresses in confidence during voir dire and trial, as statutorily required, the State contends that any error in the selection of the Dallas County citizen as a juror was waived because Mayo's trial attorney should have discovered her Dallas County citizenship during voir dire. In support of this contention, the State cites cases in which defendants waived complaints about jurors' residency by not questioning the jurors about residency during voir dire. *See, e.g., Gaona v. State,* 733 S.W.2d 611, 618 (Tex.App.—Corpus Christi 1987, pet. ref'd); *Matthias v. State,* 695 S.W.2d 736, 740 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). Those cases predate the 1993 enactment of the jury privacy rule, article 35.29, and suggest that the question of a juror's county-citizen status is waived unless challenged for cause under Texas Code of Criminal Procedure article 35.16(a). The sole focus of article 35.16(a) is on the eleven reasons it lists as a grounds for challenge for cause. A venire

member's county-citizen status is not one of the listed challenges in that article.

Article 35.16(a) states:

No juror shall be impaneled when it appears that he is subject to the second, third or fourth grounds of challenge for cause set forth above, although both parties may consent. All other grounds for challenge may be waived by the party or parties in whose favor such grounds of challenge exist.

TEX.CODE CRIM. PROC. ANN. art. 35.16(a) (Vernon 1989 & Supp.1998).

The only reasonable interpretation we are able to ascribe to the final sentence of that paragraph is that "[a]ll other grounds for challenge [for cause]" means simply those grounds listed in article 35.16(a) *other than* the second, third or fourth grounds. *Id.*

The *inference* of some appellate decisions is that the phrase "[a]ll other grounds for challenge may be waived" even allows waiver of a challenge to a prospective juror who is not a citizen of the county where the jury is seated. *See Gaona,* 733 S.W.2d at 618; *Matthias,* 695 S.W.2d at 740. The first of the eleven challenges for cause listed in article 35.16(a) is a challenge that the venire member is not a qualified state and county voter. Significantly, however, subsections of section 62.102 recognize and *distinguish* between county-citizen status and qualifications to vote. *See* TEX. GOV'T CODE ANN. § 62.102 (2), (3) (Vernon 1988).

The importance of challenging venire members for cause on grounds that they are not qualified voters was diminished when the legislature determined that voter registration lists would no longer be the sole source of names for a jury pool. *See* TEX. GOV'T CODE ANN. § 62.001 (Vernon 1988 & Supp.1998). A venire may include persons summoned from the state's list of licensed drivers as well as persons who simply have been issued a personal identification card by the Department of Public Safety, without regard to the voter status of those persons. *See id.,* § 62.001(a)(2). And, when preparing a jury source list, the Department of Public Safety is statutorily required to exclude all names of licensed drivers and personal identification

cardholders who are not citizens of the county where the venire will be summoned for jury service. *See id.,* § 62.001(a)(2)(B).

Moreover, the Texas Court of Criminal Appeals has expressly recognized that a qualified voter is not ipso facto a qualified juror. *See Shelby v. State,* 479 S.W.2d 31, 34 (Tex.Crim.App.1972). Although article 35.16(a) lists the lack of voter qualification among its potential challenges for cause, it does not list either the lack of county-citizen status or the lack of the prerequisite minimum age for jury service as a challenge for cause.

In criminal law, a challenge for cause is defined as "an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury." *See* TEX.CODE CRIM. PROC. ANN. Art. 35.16(a) (Vernon 1989 & Supp.1998). On its face, article 35.16 does not purport to be an exclusive or exhaustive list of challenges for cause, and we are unable to discern why a challenge to a non-citizen, statutorily disqualified on that ground, would escape the definition and not be considered a challenge for cause, even though not listed as one in article 35.16(a). If the challenge that a non-citizen is statutorily disqualified from jury service is not a challenge for cause, then we do not know what procedural name to assign it.

We recognize that the Court of Criminal Appeals once held that "article 35.16 is a complete list of challenges for cause," but that holding was in the context of a trial judge excusing an otherwise *qualified* venireman from jury service during voir dire. *See Butler v. State,* 830 S.W.2d 125, 130 (Tex. Crim.App.1992). Here, the statutorily disqualified juror sat through the entire trial and was not discovered as disqualified until after the trial was over. Also, the Court of Criminal Appeals decision in *Butler* did not address the fundamental disqualifications listed under Government Code section 62.102, but only the challenges for cause listed in Code of Criminal Procedure article 35.16(a), which are significantly different lists.

*Disqualification* is a condition or status that a legislature may purposefully impose on a person by enacting a statute that de-

prives the person of the legal right, power, or privilege to perform a particular act. The adjective "disqualified" is analogous to the word "no" in the sense that both words are absolutes, each expressing a complete thought in a single word, and neither word's definition accommodates different shades or degrees of meaning. Applied to a person, the word "disqualified" describes a status that is absolute, not transitory or tentative.

■ The Court of Criminal Appeals has acknowledged that Government Code section 62.102 is a general provision that relates to all types of jury service, not just service in criminal trials, and that the juror disqualifications listed in section 62.102 establish "a *minimal* threshold of juror qualifications." *See Cantu v. State,* 842 S.W.2d 667, 685 n. 13 (Tex.Crim.App.1992), *cert. denied,* 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993) (emphasis added). Because county-citizen status is indeed one of those *minimal* qualifications for all types of jury service, we conclude that the absence of that minimal status creates an *absolute disqualification* from jury service. Although we have not been directed to case law precisely on that point, we read the words of section 62.102 stating that "[a] person is *disqualified* to serve as a petit juror unless he ... is a citizen ... of the county in which he is to serve as a juror," and we are unable to find any sound premise on which to rationalize that either the legislature somehow did not really mean that or that the courts are free to ignore the legislature's mandate. *See* TEX. GOV'T CODE ANN. § 62.102(2) (Vernon 1988 & Supp.1998) (emphasis added).

■ Courts must enforce the plain meaning of the words of an unambiguous statute, unless those plain words foster an absurdity. *See Ex parte Torres,* 943 S.W.2d 469, 472 (Tex.Crim.App.1997). We see no absurdity in the plain legislative mandate that persons who are not citizens of the state and the county of trial are *disqualified* to serve as jurors. *See* TEX. GOV'T CODE ANN. § 62.102(2) (Vernon 1988 & Supp.1998). We consider the reality that the legislature wrote both section 62.102 of the Government Code and article 35.16(a) of the Code of Criminal

Procedure, and the reality that the legislature has not brought the two into conformity by making the lists of juror disqualifications and challenges for cause identical.

We presume that the legislature purposefully selected the differing words of the two statutes with deliberate care. If the legislature's absolute disqualification from jury service of persons who are not citizens of the county of trial serves no useful purpose and is thought impractical or unwise, then that disqualification should be changed by legislative action, not by judicial construction that either ignores a plainly worded statute or contorts its meaning. At the time of the 1989 offense alleged against Mayo, the legislature's 1985 version of Section 62.102, and the legislature's 1983 revision of article 35.16(a), were both in effect. In the 1985 version of section 62.102, the legislature clearly did not consider "citizen-status" as subsumed by the subject of "voter-qualification," and did not consider them duplicate subjects, but rather as two separate and distinct disqualifications from jury service. *See* TEX. GOV'T CODE ANN. § 62.102(2),(3) (Vernon 1988 & Supp.1998). And, in the 1983 version of article 35.16(a), the legislature did not include a lack of "citizen-status" among the article's list of challenges for cause.

■ Further, the Court of Criminal Appeals has expressly recognized that section 62.102 and article 35.16 are in harmony, not conflict; that section 62.102 applies to all types of trials while article 35.16 relates only to jury service in criminal trials; and that article 35.16 lists special disqualifications for criminal trial jurors that are in *addition* to the general juror disqualifications listed in section 62.102. *See Cantu,* 842 S.W.2d at 685 n. 13. Plainly then, in appropriate situations, *both* article 35.16 and section 62.102 may govern the disqualification of a criminal trial juror. The Court of Criminal Appeals held in *Cantu* that because both section 62.102 and article 35.16 address juror disqualifications for felony conviction, indictment, or oth-

er legal accusation of misdemeanor or felony theft or other felony, article 35.16 and article 35.19 will prevail over section 62.102 and will control the qualification or disqualification of a juror in a criminal trial when the challenge is based on one of those exact grounds. *See Cantu,* 842 S.W.2d at 685 n. 13. Those grounds for challenge did not exist in the case before us. County-citizen status is a disqualification listed only in section 62.102. The noncitizen disqualification is conspicuous by its absence from article 35.16.

■ It is just and reasonable to compare article 35.16(a) and section 62.102 and to construe them as a purposeful legislative recognition that county-citizen status and age are fundamental, absolute prerequisites to jury service that are not subject to waiver like some of the challenges for cause listed in article 35.16(a). *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 1988) (Code Construction Act). Under Government Code section 62.102, a prospective juror's lack of county-citizen status is an absolute statutory disqualification that the legislature has not made eligible for waiver.[2] *See Ex Parte Smith,* 817 S.W.2d 797, 800 (Tex.App.—Amarillo 1991, no pet.) (stating neither State nor defendant can consent to waive an absolute disqualification). The Court of Criminal Appeals recently held that a defendant may waive the statutory requirement that not less than twelve jurors can return a verdict in a noncapital felony case. *See Hatch v. State,* 958 S.W.2d 813, 814 (Tex.Crim.App.1997); *Roberts v. State,* 957 S.W.2d 80, 82 (Tex. Crim.App. 1997); TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.1998). In the instant case, however, Mayo did not knowingly waive his right to be tried by a jury comprised of twelve citizens of the county where the trial occurred.

### Harm

■ Situations where a person absolutely disqualified from jury service by articles 35.19 and 35.16(a)(2), (3) or (4), has served on

---

**2.** Code of Criminal Procedure article 35.16 lists eleven challenges for cause. Article 35.19 subsequently lists three of the challenges of 35.16 as absolute disqualifications. Article 44.46 then creates a harmless error standard for review only for three absolute disqualifications listed in 35.19. The legislature did not however, apply this standard of review to the disqualifications of *county-citizen status* found in Government Code section 62.102.

a jury are distinguishable from situations where a juror is merely subject to a challenge for cause, under article 35.16(a)(1), (5), (6), (7), (8), (9) or (10). *See Thomas v. State,* 796 S.W.2d 196, 199 (Tex.Crim.App.1990). "In cases where the juror was merely subject to a challenge for cause, this Court has mandated that the defendant show harm to his case, whereas when the juror is absolutely disqualified no showing of harm is necessary." *Id.* Although the three absolute disqualifications referenced in article 35.19 are now reviewable under the standard established in Code of Criminal Procedure article 44.46, the legislature has isolated that standard for only those three situations and has not made the article 44.46 standard applicable to the absolute disqualification of a noncitizen juror like the one in the present case.[3]

While we recognize that the Court of Criminal Appeals opined in *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997) that courts of appeal should not automatically foreclose the application of the harmless error test to certain categories of error, we are reluctant to apply the standard based on the facts of that case to the presence of a noncounty resident on the jury here.

The Texas Constitution guarantees 12 qualified jurors in a criminal trial. *See* TEX. CONST. art. V, § 13. The constitution grants the legislature the power to establish the qualifications necessary for a person to serve as a juror. *See* TEX. CONST. art. XVI, § 19. The legislature exercised that power by enacting Texas Government Code section 62.102. That statute should not be read in a vacuum, but rather as a part of the constitutional framework that guarantees an accused the right to have 12 jurors who are not disqualified by law.

Texas courts have long held that the presence of an absolutely disqualified juror requires that a "new trial shall be ordered,

without regard to a showing of injury or probable injury or of consent or waiver." *See Thomas v. State,* 796 S.W.2d 196, 197–98 (Tex.Crim.App.1990) (quoting *Ex parte Bronson,* 158 Tex.Crim. 133, 254 S.W.2d 117, 121 (1952); *Ex parte Smith,* 817 S.W.2d 797, 800 (Tex.App.—Amarillo 1991, no pet.). Recognizing this body of case law, the legislature created article 44.46 that now requires a showing of harm in order to receive a new trial. Article 44.46 does not include the absolute disqualification of county-citizen status under Government Code section 62.102. Should the legislature later wish to include the county-citizen status in the harm provision of article 44.46, it is their right to do so, not ours.

Because the legislature did not apply the provisions of article 44.46 to the lack of county-citizen status that is an absolute disqualification under section 62.102, there is no necessity for Mayo to show harm from the fact that the jury in his Tarrant County trial included a member who was not a Tarrant County citizen. *See Thomas,* 796 S.W.2d at 199.

### Conclusion

The legislature has absolutely disqualified from jury service all persons who are not citizens of both this state and the county where the jury service occurs. The Texas Constitution article V, section 13, requires a trial by 12 jurors. The legislature has required that each of the jurors at least satisfy the qualifications of section 62.102(1), (2). *See* TEX. GOV'T.CODE ANN. art. 62.001(a)(2) (Vernon 1988 & Supp.1998). Here, the jury administrators protected the venire members by according their addresses the confidentiality that article 35.29 requires. The juror who resides in Dallas County was absolutely disqualified to serve on the Tarrant County jury, and Mayo discovered that fact only by

---

**3.** Code of Criminal Procedure article 44.46 states:

> A conviction in a criminal case may be reversed on appeal on the ground that a juror in the case was absolutely disqualified from service under *Article 35.19* of this code only if: (1) the defendant raises the disqualification before the verdict is entered; or

> (2) the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered and the defendant makes a showing of significant harm by the service of the disqualified juror.

TEX.CODE CRIM. PROC. ANN. art. 44.46 (Vernon Supp. 1998) (emphasis added).

The legislature did not apply this standard to the citizen-status requirement of section 62.102.

chance after trial when good cause entitled him to obtain the jurors' home addresses to investigate a report of possible juror misconduct. We sustain point three because the trial court erred in denying Mayo's motion for new trial urged upon the ground that he was convicted by a jury that included a juror disqualified by statute.

Because this appeal is determined by the issue Mayo has presented regarding the disqualifying county-citizen status of the juror, we do not consider any other issues. Accordingly, we reverse and remand the case for a new trial.