OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 28, 2001

The Honorable E. Bruce Curry
District Attorney
216th Judicial District
Bandera, Gillespie, Kendall, Kerr Counties
521 Earl Garrett Street
Kerrville, Texas 78028

Opinion No. JC-0405

Re: Whether and when a district clerk must provide jury lists to litigants in civil and criminal trials (RQ-0353-JC)

Dear Mr. Curry:

You have asked this office a series of questions concerning when the district clerk must release jury lists to the parties in both civil and criminal actions. In examining the relevant statutes and the cases interpreting them, we find no controlling legal authority as to when the clerk may provide such information in either civil or non-capital criminal actions beyond the clear limitation that it be presented to both sides when the parties have announced ready for trial. *See* TEX. R. CIV. PROC. 224; TEX. CODE CRIM. PROC. ANN. art. 35.01 (Vernon 1989).[1] We have not been directed to, and our research has not disclosed, "any prohibition to the District Clerk, in her discretion, providing this list to the parties at any time after the list is prepared."[2] The legislature and the courts, which have not spoken on this matter, have thereby effectively granted the district clerk, a constitutional officer, discretion in it. The ultimate management of either civil or criminal trials, of course, is in the hands of the presiding judge.

Discretion granted to a public officer in the exercise of his or her functions is, of course, not unbounded. You have asked, in that regard, "If the District Clerk provides the jury list to one of the litigants, is it mandatory that the District Clerk provide the list to the other litigants at the same time?" Request Letter, *supra* note 2, at 2. While there appears to be no statutory directive in this regard, the district clerk must not show undue favoritism to any party. *See, e.g., Mann v. Ramirez*, 905 S.W.2d 275 (Tex. App.–San Antonio 1995, writ denied) (actions of district clerk in improperly

---

[1]Article 34.04 of the Code of Criminal Procedure provides that "No defendant in a capital case in which the state seeks the death penalty shall be brought to trial until he shall have had at least two days (including holidays) a copy of the names of the persons summoned as veniremen, for the week for which his case is set for trial. . . ." TEX. CODE CRIM. PROC. ANN. art. 34.04 (Vernon Supp. 2001).

[2]Letter from Honorable E. Bruce Curry, District Attorney, 216th Judicial District, to Honorable John Cornyn, Texas Attorney General, at 2 (Feb. 21, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

excusing jurors for reasons stemming from personal relationship with corporate representative of party resulted in fundamentally unfair trial).

Generally, the organization of petit juries in the district court is governed by chapter 62 of the Government Code. This is true in both civil and criminal cases, since article 33.09 of the Code of Criminal Procedure provides that "Jury panels, including special venires, for the trial of criminal cases shall be selected and summoned (with return on summons) in the same manner as the selection of panels for the trial of civil cases except as otherwise provided in this Code." TEX. CODE CRIM. PROC. ANN. art. 33.09 (Vernon 1989). Depending on the county, an appropriate number of names to meet jury requirements will be drawn either from the jury wheel by the clerk and the sheriff or constable "in the presence and under the direction of the district judge," TEX. GOV'T CODE ANN. § 62.004(a) (Vernon 1998), or in counties which use a computer pursuant to section 62.011 of the Government Code "by random selection computer programming." OFFICE OF COURT ADMINISTRATION, DISTRICT CLERK PROCEDURE MANUAL II-5 (1998). A plan for computerized jury selection pursuant to section 62.011 must "designate the district clerk as the officer in charge of the selection process and define his duties." TEX. GOV'T CODE ANN. § 62.011(b)(4) (Vernon 1998); *see* Tex. Att'y Gen. Op. No. DM-34 (1991). Section 62.012 of the Government Code provides:

> (a) When a justice of the peace or a county or district judge requires a jury for a particular week, the judge, within a reasonable time before the prospective jurors are summoned, shall notify the county clerk, for a county court jury, or the district clerk, for a justice or district court jury, to open the next consecutively numbered envelope containing a jury list that is in the clerk's possession and has not been opened. The judge shall also notify the clerk of the date that the prospective jurors are to be summoned to appear for jury service.

> (b) On receiving the notice from the judge, the clerk shall immediately write on the jury list the date that the prospective jurors are to be summoned to appear and shall deliver the jury list to:

> (1) the sheriff, for a county or district court jury; or

> (2) the sheriff or constable, for a justice court jury.

TEX. GOV'T CODE ANN. § 62.012 (Vernon 1998).

While the point at which the jury list is opened and delivered to the sheriff is the first point at which it would be possible for the clerk to permit access to this information to any person, section 62.012 does not expressly authorize or require such access at that time. Rule 224 of the Texas Rules of Civil Procedure provides that "when the parties have announced ready for trial," the clerk shall

write the names of the week's jurors on separate slips of paper, place the slips in a box, draw out (in the district court) twenty-four names, write them on two slips of paper, and present the slips to each party. TEX. R. CIV. PROC. 224. Similarly, article 35.01 of the Code of Criminal Procedure provides that "When a case is called for trial and the parties have announced ready for trial, the names of those summoned as jurors in the case shall be called." TEX. CODE CRIM. PROC. ANN. art. 35.01 (Vernon 1998).[3] There is therefore a final point – when the parties announce ready – at which, in both civil and criminal cases, the identities of potential jurors must be made known to the parties. The statutes are, however, silent as to whether this information may be provided to the parties at any earlier time after the jury list has been opened and delivered to the sheriff. We have discovered no statutory provision which would forbid the clerk, in the exercise of his or her discretion, from providing the parties with the list at any such time. We note that the district clerk is a constitutional officer, elected by the voters, TEX. CONST. art. V, § 9, and as such is vested with much discretion in the operation of his or her office.

As we understand, and as you suggest, parties would prefer to receive as much such information as far in advance of voir dire as possible, in order to aid them in the process of jury selection. *See* Request Letter, *supra* note 2 (Attached Brief at 3). We note that a similar question was posed in Attorney General Opinion C-239 (1964), in which this office was asked whether a criminal defendant in a misdemeanor case had a right of access to the list of prospective jurors for the county court prior to the date of trial, and if not whether the county judge had the discretion to permit the defendant such access. After reciting the statutory predecessor of Government Code section 62.012, and noting that the only express right of access of this sort was that granted to a capital defendant by the statutory predecessor of article 34.04 of the Code of Criminal Procedure, the opinion noted that, while there was no absolute right of such access to the defendant, "the custom in most counties is to make the jury list available to any attorney who requests the same on Friday prior to the trial on Monday. We see no reason to upset this practice. . . ." Tex. Att'y Gen. Op. No. C-239 (1964) at 3.

Attorney General Opinion C-239 accordingly decided that since "there is no provision in [the statutory predecessor to section 62.012] prohibiting knowledge of the array to defendant, we are led to believe it was not meant by the Legislature to prohibit the practice of allowing attorneys to obtain a list of jurors. Policy in this regard should apply equally to prosecution and to defense counsel." *Id.* Noting the power of the judge over the management of the case before him, the opinion concludes that "if the judge wishes to follow the custom of making the jury panel list available prior to the time of the trial, he may do so." *Id.* at 4. The conclusion of Attorney General Opinion C-239 remains sound. Therefore, in our view, while the district clerk must provide the jury lists when the

---

[3]Your brief also inquires concerning the jury list referenced in article 35.11 of the Code of Criminal Procedure. However, that list, unlike the general jury lists we are considering, is only prepared "on the demand of the defendant or his attorney, or of the State's counsel" by a shuffle of the general panel. TEX. CODE CRIM. PROC. ANN. art. 35.11 (Vernon Supp. 2001). It is thereupon presented to both sides. *Id.*

parties announce ready, the decision to provide the parties such lists in advance of that time is within the clerk's discretion, subject to the direction of the judge presiding. The clerk must of course show no undue favoritism. *See Mann*, 905 S.W.2d at 275. While we have discovered no cases dealing with this matter, we are persuaded that were a clerk to provide jury lists to one party in either a civil or criminal matter and withhold such lists from the other party, a court would likely hold such action to be an abuse of the clerk's discretion.

You have also asked whether the clerk may disclose personal information that has been provided by jurors to the parties in either civil or criminal cases. In our view, two statutes are particularly relevant to your inquiry — section 62.0132 of the Government Code, which generally governs the gathering and dissemination of jury information, and article 35.29 of the Code of Criminal Procedure, which limits the dissemination of such information as it pertains to jurors in particular criminal cases.

Section 62.0132 of the Government Code directs the Office of Court Administration to develop and maintain a jury questionnaire accompanying the jury summons. "The questionnaire must require a person to provide biographical and demographic information that is relevant to service as a jury member . . . ." TEX. GOV'T CODE ANN. § 62.0132(c) (Vernon Supp. 2001). The questionnaire is to be completed and submitted "when the person reports for jury duty." *Id.* § 62.0132(d). The information contained in such questionnaires "is confidential and is not subject to Chapter 552 [of the Government Code, the Public Information Act]." *Id.* § 62.0132(f). Information under section 62.0132 is confidential with respect to third parties rather than litigants. "The information contained in a completed questionnaire may be disclosed to . . . a litigant and a litigant's attorney in a cause of action in which the respondent to the questionnaire is a potential juror." *Id.* § 62.0132(g)(3).

While personal information concerning jurors serving in particular criminal proceedings is confidential pursuant to article 35.29 of the Code of Criminal Procedure, and may not be disclosed by the district clerk absent an order from the trial court, article 35.29 does not preclude the provision of such information concerning the general panel to counsel for the purpose of voir dire. Article 35.29 of the Code of Criminal Procedure provides:

> Information collected by the court or by a prosecuting attorney during the jury selection process about a person who serves as a juror, including the juror's home address, home telephone number, social security number, driver's license number, and other personal information is confidential and may not be disclosed by the court, the prosecuting attorney, the defense counsel, or any court personnel except on application by a party in the trial or on application by a bona fide member of the news media acting in such capacity to the court in which the person is serving or did serve as a

> juror. On a showing of good cause, the court shall permit disclosure
> of the information sought.

TEX. CODE CRIM. PROC. ANN. art. 35.29 (Vernon Supp. 2001).

Article 35.29 raises two questions: first, whether its provisions are applicable to the parties in the case; and second, whether those provisions apply to the entire venire, or to the jury ultimately impanelled to sit in a particular case. At least one jurist has taken the view that article 35.29 prohibits the release of such information to third parties, rather than to the parties in the litigation. Concurring in the judgment in *Hooker v. State*, 932 S.W.2d 712, 717 (Tex. App.–Beaumont 1996, no writ), Justice Burgess wrote, "I disagree [with the view that article 35.29 prohibits the parties from having access to personal information about jurors]. I read the statute to only prohibit disclosure of that information to third parties, except by application and a showing of good cause." *Id.* at 717. However, the weight of authority is against this view. *See id.* at 716-17 (majority holding that good cause not shown for unsealing information because defendant's trial counsel had "a couple of thoughts" regarding trial); *see also Mayo v. State*, 971 S.W.2d 464, 465 (Tex. App.–Fort Worth 1998), *rev'd on other grounds*, 4 S.W.3d 9 (Tex. Crim. App. 1999); *Esparza v. State*, 31 S.W.3d 338, 340-41 (Tex. App.–San Antonio 2000, no pet.). "Texas Code of Criminal Procedure article 35.29 cloaks jurors' addresses in confidentiality and prevents disclosure of those addresses except upon a showing of good cause. . . . Plainly, article 35.29 is intended to protect jurors by keeping their addresses and other personal information confidential in the absence of a trial court order." *Mayo*, 971 S.W.2d at 465. We therefore follow the weight of authority and conclude that personal information concerning the jurors in a particular criminal matter may not be disclosed by the district clerk to the parties absent an order of the trial court.

While, as we note, the case law indicates that personal information of those who have sat on a particular criminal jury is confidential and unavailable even to the parties absent a court order, the cases are not generally concerned with release to the trial counsel of information on the general panel, *but see Mayo*, 971 S.W.2d at 465 ("If article 35.29 requires an accused to carry a burden of proving good cause before knowing whether venire members are truly challengeable as non-citizens, then the accused is saddled with a dilemma." *dicta*); and the legislative history of article 35.29 indicates that the statute was not intended to apply to access by counsel to such information during voir dire.

In the public hearing before the Senate Committee on Criminal Justice concerning Senate Bill 12 — now article 35.29 — on March 16, 1993, the author, Senator Brown, described the purpose of the legislation as to prevent convicted criminals from obtaining personal information concerning the jurors in their trials:

> What this bill will do, it makes personal information available
> only to the lawyer in the case and specifically it's designed so that if

> a criminal appeals his case after conviction, pro se . . . , then the personal information about the juror is not going to be a part of the record that is sent up for his consideration. . . .

*Hearings on Tex. S.B. 12 Before the Senate Comm. on Criminal Justice*, 73d Leg., R.S. (Mar. 16, 1993) (statement of Senator Brown) (audio tape available from Senate Staff Services Office).

In reply to certain concerns raised concerning voir dire by Senator Royce West, Mr. Tom Crumpett of the District and County Attorneys' Association specifically indicated that the intent of the legislation was not to prohibit the use of such information by attorneys in voir dire:

> Our primary intent on this was not to hamstring any of the jury selection process. I think Senator West asked the question. I think it's fairly typical when you put together juror information cards that information is made available to both sides . . . . I was concerned originally that this bill would prevent us from doing that fact finding as far as both sides finding out as much as we could about the background and qualifications of potential jurors and I think that's why it was revised several times so that now it only applies to those folks who finally are picked. . . .

*Id.* (statement of Mr. Tom Crumpett, District & County Attorneys Ass'n) (audio tape available from Senate Staff Services Office). In response to these assurances, Mr. Chris Elliott of the Texas Criminal Defense Lawyer's Association said: "I think our concerns have basically been addressed with this expression of intent that [the bill is] not going to affect the jury selection process and the information available." *Id.* (statement of Mr. Chris Elliott, Texas Criminal Defense Lawyer's Ass'n) (audio tape available from Senate Staff Services Office).

A colloquy at second reading on April 1, 1993 between Senator Brown and Senator John Montford is to the same effect:

> Senator Montford: I want to be sure in the analysis. I think I agree with what you're trying to do, but you're not in any way attempting to restrict the rights of trial counsel to select and make their jury selection?
>
> Senator Brown: Absolutely not.
>
> Senator Montford: And they have full access to this information? Sometimes you need to know where somebody lives in order to make a determination for instance on a peremptory challenge.

> Senator Brown: And this does not interfere at all with the defense and prosecution seeking and getting that information. It's just after the trial, what's done with that information.

Debate on Tex. S.B. 12 on the Floor of the Senate, 73d Leg., R.S. (Apr. 1, 1993) (audio tape available from Senate Staff Services Office).

In the light of this legislative history, we conclude that article 35.29 of the Code of Criminal Procedure does not apply to information regarding the general panel available to the trial counsel for the purpose of voir dire in a criminal case, and thus does not preclude the provision of such information to counsel for that purpose.

# S U M M A R Y

In both civil and criminal actions, jury lists must be disclosed to the parties when the parties announce ready for trial. Subject to the direction of the presiding judge the district clerk may, in his or her discretion, release such information to the parties at any time after the jury list has been delivered to the sheriff to summon the jurors. The clerk must not show undue favoritism, and may not provide the list to one party while withholding it from another. Information contained in jury questionnaires completed pursuant to section 62.0132 of the Government Code, while confidential with respect to third parties, is available to the litigants in the cause of action in question. While personal information concerning jurors serving in particular criminal proceedings is confidential pursuant to article 35.29 of the Code of Criminal Procedure, and may not be disclosed by the district clerk absent an order from the trial court, article 35.29 does not preclude the provision of such information concerning the general panel to counsel for the purpose of voir dire.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee