**Cathy Jo ALMANZA, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 10-16-00224-CR**

Court of Appeals of Texas, Waco.

Opinion delivered and filed July 12, 2017

Rey De Los Santos, De Los Santos & Associates, Cleburne, TX, for Appellant.

R. David Holmes, County Attorney for Hill County, Hillsboro, TX, for Appellee.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

## OPINION

TOM GRAY, Chief Justice

Cathy Jo Almanza appeals from a conviction for the offense of driving while intoxicated. TEX. PENAL CODE ANN. § 49.04 (West 2011). Almanza complains that her Sixth Amendment right to a jury trial was violated because one of the jurors was not the actual juror that was summoned. Because the wrong individual appeared, Almanza contends that the trial court did not have jurisdiction over that juror and the juror had no authority to serve as a juror. In her sole issue, Almanza argues that the judgment is void because only five of the jurors were properly on the jury panel, which is less than the constitutionally-required minimum of six jurors. See U.S. CONST. AMEND. VI; *Ballew v. Georgia*, 435 U.S. 223, 245, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978).

A summons for jury duty addressed to "Oralia Alvarado" was sent to an address in Hill County. Oralia G. Alvarado and her daughter, Oralia (nmi) Alvarado, both resided at that address. To avoid the confusion that caused the issue which is the subject of this appeal, we will refer to them as "Mother" and "Daughter" as if that is their name, in essence as proper nouns. Daughter appeared for jury duty, believing that she was the person called because no middle initial appeared in the name of the addressee on the juror summons. There was nothing else on the summons to demonstrate which one of them was being summoned. When the names were called at the beginning of jury selection, only the first and last names were called, so the mistake was not discovered prior to or during the trial. Daughter took the various panel and juror oaths, participated in *voir dire*, and was ultimately selected and served on the six-member panel that found Almanza guilty. When the check for serving on the jury panel was issued to "Oralia G. Alvarado," Daughter contacted the court. It was then discovered by review of the list of the venire panel prepared by the clerk that the jury summons was intended for Mother, "Oralia Garcia Alvarado," with her date of birth also included on that list as well.

Almanza filed a motion for new trial, alleging that her conviction should be set aside because of this alleged error. The trial court heard evidence, including Daughter's testimony, and denied the motion. It was shown both during *voir dire* and at the motion for new trial hearing that Daughter was not legally disqualified from serving on the panel pursuant to Article 35.16 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16 (West 2006) ("Reasons for challenge for cause").

Almanza argues that because Daughter was not actually summoned for jury duty, the trial court did not have jurisdiction over Daughter and therefore, Daughter did not have any authority to serve in Almanza's trial as a member of the jury to return a verdict. Because of this, Almanza contends that she was tried before a jury of five persons, which violates her right to a trial by jury pursuant to the Sixth Amendment. The United States Supreme Court has held that in order to satisfy the Sixth Amendment, a jury must consist of at least six jurors in the absence of the agreement of the defendant. *See Ballew v. Georgia*, 435 U.S. 223, 245, 98 S.Ct. 1029, 55 L.Ed.2d 234 (U.S. 1978) (panel must consist of six members); *Ex parte Garza*, 337 S.W.3d 903, 915 (Tex. Crim. App. 2011) (defendant can affirmatively waive requirement of six-member panel).

Almanza conceded at the motion for new trial hearing that there was no juror misconduct and does not argue that there was any impropriety or undue influence during the proceedings by Daughter in her capacity as a juror. Almanza has not cited to any authority and we have found no authority to support her argument that she was deprived of her right to a fair and impartial jury pursuant to the Sixth Amendment because the trial court did not have jurisdiction over a juror.

Almanza's sole issue is stated as follows: "Defendant was denied her Sixth Amendment right to a jury trial and, therefore, her conviction and sentence are void as a matter of law." To clarify the issue Almanza states in her brief that "[f]or the record, Appellant is not complaining of the trial court's denial of her motion for new trial. Rather, Appellant's complaint is that she was denied her right to a jury trial." It may be important to note, for our purposes and disposition, that the issue is limited to a complaint under the Sixth Amendment

to the United States Constitution and not the Texas Constitution or Texas statutes.

While much has been written about the right to a jury trial, the *voir dire* or juror selection process, disqualified jurors, strikes for cause, and juror commitment questions, we have been cited to no authority on point and our research has not yielded any closely analogous cases. In fact, much of the recent case authority on juror selection arises out of the equal protection clause and the use of preemptory challenges to strike constitutionally protected classifications from the jury without a protected-class-neutral reason. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (U.S. 1986).

The State's argument in response to Almanza's issue is based in part on precisely what Almanza disclaimed as the issue. The State argues, in part, that the trial court did not err in denying Almanza's motion for new trial. As quoted above, Almanza expressly foreclosed this argument by affirmatively stating that was not her complaint. Accordingly the State's effort to focus on the ruling on the motion for new trial is not helpful to the disposition of this appeal.

■ The State's only remaining argument is that by not raising the issue until the motion for new trial, Almanza failed to preserve the issue. However, the State does not address the larger issue of whether Almanza was required to preserve the issue before it could be raised on appeal. The Fort Worth Court of Appeals has held that a defendant may raise the issue of whether it is error to allow a disqualified juror to serve on the jury for the first time on appeal. *Mayo v. State*, 971 S.W.2d 464 (Tex. App.—Fort Worth, 1998). Although the merit of the issue is somewhat different in this appeal, we agree that the traditional preservation requirement does not apply under these facts. Tex. R. App. P.

33.1(a). To be tried by a jury is a category two right under *Marin*. *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993). It is categorized as such because it is a right that must be implemented by the trial court unless affirmatively waived. As such, preservation at the trial court is not required. *Id.* We hold that the issue, as raised by Almanza in this appeal, is properly before the Court.

■ Almanza's issue purports to attack the trial court's judgment for lack of jurisdiction. But this is not jurisdiction in the traditional sense. When jurisdiction is attacked in the more-or-less traditional sense the defendant argues that due to some fact or omission the trial court lacked the authority to proceed to judgment over the defendant. Typically there are two types of these "jurisdictional" arguments; subject matter jurisdiction over the particular controversy, or personal jurisdiction over the party. This is not, however, Almanza's argument, at least not directly. Rather, Almanza argues that the trial court lacked jurisdiction over a person that served as a juror.

The argument is thus very different from those cases like *Mayo*, in which the juror is statutorily disqualified from serving as a juror. In this proceeding Almanza is arguing the trial court had no jurisdiction over a person that appeared for jury duty who was not actually summoned for jury service.

We note that Texas has a comprehensive statute that regulates the process for selection of juries. *See* Tex. Govt. Code Ann. Ch. 62. It has not always had such a comprehensive system. Almanza does not argue that the State in any way failed to implement or utilize that system. The issue is framed solely as whether the person that was not summoned as a juror was subject to the jurisdiction of the trial court.

In looking to other areas of the law where the issue of jurisdiction over a person is an issue we have found the substantial body of law that has developed about the trial court's jurisdiction of individuals as parties to be somewhat helpful. Since the time of *Pennoyer v. Neff* much attention has been given to the issue of whether a trial court has jurisdiction over a particular individual such that a judgment against that person is valid. *See Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (U.S. 1878). In the substantial body of jurisprudence that has developed in the analysis of personal jurisdiction, we have not found a single case in which it has been held that by his appearance before the court, and submission to the authority of the court in which the case was being tried, that the trial court was determined to not have jurisdiction over the person. In this area of the law, once the person made a general appearance before the court and submitted to its authority over them, the court had the jurisdiction to render a judgment against them.

Recognizing that in this proceeding Daughter was not a party so the personal jurisdiction cases are not controlling, we looked for other possibly analogous areas of the law. One such area is in the trial court's jurisdiction over witnesses in civil cases. There are many witnesses that are beyond the subpoena power of a court. The most common reason persons are beyond the subpoena power of a court is because they live a distance beyond the statutory range of the trial court's authority to compel their attendance at trial. *See* TEX. R. CIV. P. 176.3(a). Thus it is said that the witness is beyond the jurisdiction of the court. The same is frequently said of witnesses that live in states other than the state court seeking to compel the presence of a witness in a state court proceeding. But this limitation on the trial court's ju-risdiction does not mean the person cannot serve as a witness.

▮ In any case, criminal or civil, if a person appears at trial to be a witness, the trial court has jurisdiction of the witness for purposes of administering the witness oath, regulating the process of obtaining the witness's testimony, placing the witness under "the Rule" pursuant to Rule 614 of the Rules of Evidence, and even compelling the continued presence of the witness for the duration of the trial. And, of course, there is no doubt that the witness could be held in contempt of court for actions in violation of the trial court's orders. Thus, again, by appearing before the trial court, though not compelled to do so, the witness is subject to the trial court's jurisdiction.

By looking to the areas of law in which similar concerns and issues have arisen, we do not find any reason why the appearance of a person for jury duty, thus submitting themselves to the jurisdiction of the trial court to administer the juror oath and be subject to all the instructions and orders of the trial court during the conduct of the trial would violate the defendant's Sixth Amendment right to a trial by jury.

Accordingly, we hold that Daughter's appearance and presentation of herself for jury duty effectively placed herself within and under the jurisdiction of the trial court for the purpose of participating in Almanza's trial and there was no error in her participation as a juror. Thus, Almanza was convicted by a panel of six jurors as required by the Sixth Amendment. We overrule Almanza's sole issue.

CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.