Arturo MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 51249.

Court of Criminal Appeals of Texas.

Jan. 7, 1976.

Rehearing Denied Jan. 28, 1976.

F. B. Godinez, Jr., Lubbock, for appellant.

George W. Miller, Dist. Atty., Floydada, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. Appellant pleaded guilty to the offense of burglary on April 9, 1973 and was given a three-year probated sentence. One of the conditions of the said probation was that appellant "commit no offense against the laws of the State of Texas or any other state or the United States." Thereafter, and within the probationary term, the State filed a motion to revoke probation, alleging, among other things, a violation of the foregoing probationary condition in the following particulars, to-wit: that appellant "was duly and legally convicted of a misdemeanor on the 4th day of September, 1973" for the offense of driving while intoxicated. The court's order revoking probation relied exclusively on the DWI conviction as showing a violation of the terms of probation sufficient to support revocation.

The practice of relying solely on a conviction to establish the commission of an offense for revocation purposes has been criticized many times by this Court. *Ross v. State*, 523 S.W.2d 402 (Tex.Cr.App.1975), and cases cited therein. The problems characteristic of such a practice, however, are not present in this case.

It is uncontroverted that appellant pleaded guilty to the offense of DWI in County Court in Floyd County on September 4, 1973. Appellant was assessed a fine of $75.00 and ten days in jail. Although he did not recite any of the facts of the offense, the officer who arrested appellant and testified against him at the revocation hearing indicated that the offense took place three days before. It therefore occurred within the probationary period.

■ Appellant complains, however, that the subject DWI conviction was invalid since appellant was not represented by counsel and was not informed of his right to remain silent. The judgment of conviction for the DWI offense recites that appellant waived his rights to counsel and was fully admonished as to the consequences of his guilty plea. There is no infirmity in the conviction on these grounds.

Appellant also contends that the DWI conviction was not a final conviction because no sentence was pronounced and, if it was, it was not pronounced in the presence of the appellant as required by Art. 42.-03(1), V.A.C.C.P. Appellant himself introduced the judgment of conviction for the DWI offense at the revocation hearing. He makes this argument apparently because no sentence was introduced.

■ It is true that the judgment alone is insufficient and a sentence must be produced to establish jurisdictional requirements. *Botley v. State,* 467 S.W.2d 267 (Tex.Cr. App.1971). A sentence is also required to establish the finality of a conviction used at the punishment stage of a trial under Art. 37.07, V.A.C.C.P.; *Morgan v. State,* 515 S.W.2d 278 (Tex.Cr.App.1974), or a conviction used for enhancement purposes. *White v. State,* 353 S.W.2d 229 (Tex.Cr.App. 1961). Less stringent requirements for finality apply to convictions used for impeachment purposes, unless there is a timely objection. *Poore v. State,* 524 S.W.2d 294 (Tex.Cr.App.1974); *Smith v. State,* 409 S.W.2d 409 (Tex.Cr.App.1966).

In the case at bar, the conviction was used for purposes of revoking appellant's probation. The State has a lower burden of proof to meet in such cases. *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1974). Nor should the requirements of finality be as strict in cases such as this where it is the conduct and not the conviction which is supposed to produce the adverse consequences.

■ Several witnesses testified that appellant was "convicted" of the DWI of-fense. Appellant introduced the judgment of conviction for said offense. No objection was lodged on the ground that the conviction was not final. This argument appears for the first time on appeal. We reiterate that this method of proving violations of probationary terms is not to be commended. However, we hold that, when it is utilized, such evidence as was before the court in this case is sufficient to show *commission* of an offense against the laws of this State. The State would have had the burden of producing the sentence for the DWI conviction if appellant had timely pressed his complaint in the trial court. *Poore v. State,* supra. The trial court did not abuse his discretion in concluding that appellant was convicted of the subject DWI offense.

■ Appellant next complains of the seventeen-month delay between the breach of the probationary condition and the revocation hearing. Relying on *Fariss v. Tipps,* 463 S.W.2d 176 (Tex.1971), he claims he has been denied a speedy trial on his probation revocation. The motion to revoke probation was not filed until January 16, 1975. In addition to the DWI conviction of September 4, 1973 alleged therein, the motion also alleged an assault on a peace officer and another instance of driving while intoxicated, both of which occurred only five days earlier. It thus appears that Floyd County authorities decided not to seek revocation of appellant's probation after his first DWI conviction, but felt obligated to do so after somewhat more serious misconduct sixteen months later. The hearing on the motion to revoke was held on February 10, 1975, less than a month after the accusatory pleading was filed. It is well established that an accused's right to a speedy trial does not attach until he first becomes the accused. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Arivette v. State,* 513 S.W.2d 857 (Tex.Cr.App.1974). No denial of a speedy trial is shown.

Appellant's grounds of error are overruled and the judgment is affirmed.