**Cruz CHAVEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–82–00001–CR.**

Court of Appeals of Texas,
El Paso.

May 11, 1983.

State's Rehearing Denied June 15, 1983.

Jack Louis McGowen, Roddy L. Harrison, Pecos, for appellant.

Mike Wade, Dist. Atty., Monahans, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a conviction for murder. The jury assessed punishment at life imprisonment. We reverse.

At the punishment phase, evidence was introduced, over objection, of Appellant's prior guilty plea to second-degree murder in California. Appellant had pled guilty on April 1, 1981, in the Superior Court of Madera County, California. However, before sentencing, he escaped and came to Texas. Appellant in his sole ground of error contends that the trial court erred in allowing evidence of his prior guilty plea at the

punishment phase because it was not a final conviction.

█ Evidence of a prior final conviction may be introduced at the punishment phase of a trial. Tex.Code Crim.Pro. art. 37.07, sec. 3(a). The law is very clear that, under 37.07, sec. 3(a), a conviction is not final until sentencing occurs. *Martinez v. State,* 531 S.W.2d 343 (Tex.Cr.App.1976); *Morgan v. State,* 515 S.W.2d 278 (Tex.Cr. App.1974). The trial court committed reversible error in admitting evidence of Appellant's prior guilty plea at the punishment phase. Furthermore, the judge and the prosecutor were aware of their error. The State stipulated that Appellant had never been finally convicted of a felony in this state or any other state. The prosecutor stated that it was his understanding of the law that there is no final conviction without sentencing. The judge allowed the evidence of the prior conviction apparently because he disagreed with the state of the law that a conviction must be final, stating, "I just don't think it's fair." The judge attempted to validate the admission of the prior plea with a "limiting" instruction that it was not a final conviction, and did not affect Appellant's eligibility for probation. However "unfair" it may be, under the terms of our existing statutes it is irrelevant that Appellant escaped from California before sentencing. The judge's limiting instruction was not sufficient to cure the error.

The judgment of the trial court is reversed and the cause remanded for a new trial.