**Kenneth Burke STEPHENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63722.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 14, 1983.

John P. Knouse, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Greg Davis and Gerry Holden-Meier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

A jury found appellant guilty of aggravated robbery, V.T.C.A., Penal Code, § 29.03, and assessed punishment at twenty years' confinement.

This case presents an example of error within the area of "have-you-heard" questions and reputation witnesses. Appellant advances two arguments. First, appellant contends that the trial court improperly permitted the State to cross-examine a defense witness during the punishment phase of the trial so as to imply that the appellant was in fact guilty of specific acts of misconduct. Second, appellant argues that the question should never have been asked of the witness because the witness was not a reputation witness. The rule is that when cross-examining a reputation witness "the question [is to] be phrased 'have you heard' that the defendant committed a certain act? (sic) If the question is phrased 'do you know' or if it is phrased in such a way as to imply that the act was actually committed, then the question is improper...." *Brown v. State,* 477 S.W.2d 617, 620 (Tex.Cr.App. 1972). But, the State cross-examined appellant's wife at the punishment phase as follows:

"Q. Now, Mrs. Shaw, did you know that Kenneth Stephens, the defendant in this case, in 1969 was convicted of the offense of theft?

MR. KNOUSE: I object to the form of the question, Your Honor, the question is phrased did you know. It is stated as a fact, and first of all, it is improperly stated question, it is not a have you heard question, and secondly of all, we have not made this witness a character witness in any manner by the testimony that we have elicited.

THE COURT: Your objection is overruled. You may answer the question. You understand the question?

THE WITNESS: I—I didn't know until recently.

Q. (By Mr. Davis) All right. You know now, though, right?

A. Yes, I know now.

Q. Now, did you know that this conviction occurred in 1969, right?

A. I didn't at the time. Yeah, I do know now.

Q. You know now, right?

A. Yes.

Q. You do know now, don't you? That this was for a felony offense of theft?

A. Well, I just knew that it had happened, I didn't know why or what it was.

Q. You didn't know that it was a felony?

A. No, I didn't.

Q. Do you know now?

A. I know now.

Q. Okay, and do you know that it was for the felony offense of theft of edible meat?

MR. KNOUSE: Your Honor, I will object to that prosecutor continuing to go into did you know questions and is not trying to go into the specifics of the offense which is not permissible by law. THE COURT: Well, you are overruled, and I would like to see both sides around the side of the Bench, and I will explain it to you."

See also *DeGrate v. State,* 518 S.W.2d 821 (Tex.Cr.App.1975); *Jones v. State,* 479 S.W.2d 307 (Tex.Cr.App.1972).

■ Furthermore, not only was the *form* of the State's question improper, but the witness was not a reputation witness in the first instance. The witness testified on direct examination only that her husband: loved her children, supported the family, held a steady job, and participated ·on a track team, a basketball team and a clean-up committee in the community. Appellant's wife did not testify to his reputation; no "have-you-heard" questions to test reputation should have been allowed at all. *Ward v. State,* 591 S.W.2d 810, 818 (Tex.Cr. App.1979). Even if the State's question had been in proper form, it should not have been asked.

The overruling of appellant's objections was reversible error. See *Nixon v. State,* 653 S.W.2d 443 (1982); *Jewell v. State,* 593 S.W.2d 314 (Tex.Cr.App.1979); *White v. State,* 590 S.W.2d 936 (Tex.Cr.App.1979); *Washington v. State,* 590 S.W.2d 493 (Tex. Cr.App.1979).

The State argues that the witness was not a reputation witness and the cross-examination was proper because the State

was simply introducing appellant's prior conviction through appellant's wife's testimony.[1]

 The State is correct in asserting that prior final convictions are admissible as evidence at the punishment phase of the trial. Art. 37.07(3)(a), V.A.C.C.P. It is, however, untenable to suggest that a hearsay answer to a "do-you-know" question, doubly so when the witness indicates that she does *not* really know, constitutes evidence of a final conviction under Art. 37.07(3)(a). Even if the cross-examination was performed in order to introduce the prior conviction, the testimony of this witness was wholly insufficient and improper to prove a prior final conviction for the purposes of Art. 37.07(3)(a). See *Morgan v. State,* 515 S.W.2d 278 (Tex.Cr.App.1974).

The judgment is reversed and remanded.

---

**1.** The State's treatment of the witness belies this claim.