Matthew LYLE, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–313–CR.

Court of Appeals of Texas,
Corpus Christi.

April 12, 1984.

Rehearing Denied May 17, 1984.

Donald Dailey, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and GONZALEZ and KENNEDY, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for aggravated robbery. The jury assessed a punishment of 25 years confinement and a fine of $5,000 dollars. Among other things, appellant contends that the trial court committed error at the punishment stage of the trial by admitting into evidence, over appellant's objection, testimony concerning a previous conviction of the appellant without proof that the conviction was a valid and final conviction. We agree and reverse and remand.

The sufficiency of the evidence is not challenged. The evidence showed that on July 17, 1982 appellant, using a sawed-off rifle, robbed the cashier at a Pizza Hut restaurant. Appellant did not testify but presented an alibi defense through his mother and other witnesses.

During the punishment stage of the trial, the State called appellant's mother to the stand. Her testimony in part was as follows:

### DIRECT EXAMINATION

*BY MR. CAMPBELL:* (Prosecutor)

Q  Would you state your full name again, please.

A  Betty Estes.

Q  And you're the same Betty Estes that testified previously, is that correct?

A  Yes, sir.

Q  And you're the mother of the Defendant, Matthew Lyle, is that correct?

A  Yes, sir.

Q  Now did he live with you when he was up in Big Springs?

A  No, sir, he lived with his father.

Q  And did you ever go to visit him when he was in the Texas Department of Corrections?

MR. DAILEY: Your Honor, I'm going to object to the question in that there's been no proof of any valid conviction and I object to the question on that basis.

THE COURT: Objection overruled.

MR. DAILEY: Did you go to visit him when he was in the penitentiary in Huntsville in the Texas Department of Corrections? [1]

THE COURT: At this time before we continue, ladies and gentlemen of the jury, if you would go to the jury room we are going to have to talk about a matter of law before we continue.

(The jury leaves the courtroom.)

THE COURT: Mr. Dailey, do you have any case law that tells me that there is a necessity for showing a conviction other than through a witness such as this?

MR. DAILEY: Your Honor, I don't have any case law whatsoever with me right now, but I believe there is case law to the effect that, of course, in the punishment phase of the trial the State can present evidence of a final prior conviction by a penitentiary pack or presenting evidence from some witness such as personally present and saw that the conviction occurred and other documents that show that the conviction is final. The State has offered no such proof. I don't believe that there is any case that will hold that the State can just launch off into the wild blue yonder and ask witnesses whether or not the person was in the Texas Department of Corrections without proving that that is a valid, final conviction because a person that's been in the Texas Department of Corrections could have very well have had their case reversed on appeal, have been released and had no final, valid conviction.

THE COURT: Mr. Campbell, do you have a pen pack?

MR. CAMPBELL: No, I don't have a pen pack.

THE COURT: Do you have any other evidence of a final conviction?

MR. CAMPBELL: No, I'm going to just use this testimony.

THE COURT: All right, bring the jury in again.

(The jury enters the courtroom and the case proceeds as follows:)

THE COURT: All right, you may continue, Mr. Campbell.

Q  (By Mr. Campbell) Mrs. Estes, did you visit your son, Matthew Lyle, when he was in Huntsville in the Texas Department of Corrections?

A  Yes, sir.

MR. DAILEY: Your Honor, I again object to that question as being highly prejudicial to my client and suggesting that he's been in the penitentiary when there's been no proof of any final, valid conviction.

THE COURT: Objection overruled.

Q  Did you know why he was in the Texas Department of Corrections in 1979 and 1980?

A  Yes, sir.

Q  Why was he there?

MR. DAILEY: Your Honor, I will again object to this whole line of questioning as being improper because

---

1.  The statement of facts attributes this question to Mr. Dailey but it's probably an error.

there is no proof of any final conviction.

THE COURT: Objection overruled.

Q Why was he there?

A I was not at his trial. I was told—

Q What were you told?

A —that he had picked up a necklace in a pawn shop.

Q You don't have to go into the facts, ma'am, but what was the offense?

MR. DAILEY: If the witness wants to explain her answer, I would like to have her have the opportunity to do that.

Q Certainly if you'd like to explain anything.

MR. DAILEY: And I would object to counsel—the State trying to cut her off to make her answer—

THE COURT: You may explain your answer in whatever manner you wish.

A And he was put on probation and I don't really know exactly how long he was put on probation and he was to send a form stating where he was and where he was working and ten dollars to his probation officer and he didn't keep up his form and his money and they picked him up here in Corpus Christi for violation of probation and that's all I know about it.

Q Do you know how long the sentence term was?

A No, sir.

Q Do you know that he got paroled to Nueces County on February 27th of 1980?

A Yes, sir.

Q Do you know that he had a prior probation before that probation that you're talking about that was revoked and he was sent to the penitentiary?

A No, sir.

MR. DAILEY: Your Honor, I'm going to object to the mention of any prior probation because that certainly is not the proof of any final conviction especially if the probation was dis-

charged and that's a highly improper question and I object to it.

THE COURT: I believe that was not the full question, and so your particular objection would be overruled at this time. If there is ever any mention of a prior probation per se, I would sustain your objection.

MR. CAMPBELL: Your Honor, the question has been answered and answered in the negative and I'm not going to go into it, but I would like to argue to the Court that 37.07 permits a probation even that has been successfully terminated.

THE COURT: Yes, sir, it was asked and answered and the objection has been overruled.

"The very purpose for introducing evidence of a defendant's prior criminal record is to encourage the jury to assess a greater, rather than a lesser, number of years. Under such circumstances, improper evidence of a prior charge or conviction before the jury is inherently prejudicial." *Morgan v. State*, 515 S.W.2d 278, 282 (Tex.Cr.App. 1974). "Admissible evidence of a defendant's prior criminal record, under the statute, [Tex.Code Crim.Proc.Ann. art. 37.07 (Vernon 1981)], is limited to proof of final convictions." *Morgan v. State*, 515 S.W.2d at 280.

Article 37.07 § 3(a) provides as follows: Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

■ There are several acceptable methods to prove the prior criminal record of a

defendant.[2] These include (1) testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him; (2) stipulation or judicial admission of the defendant that he has been so convicted; (3) introduction of certified copies of the judgment and sentence and record of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant; and (4) comparison by the fact finder of a record of conviction which contains photographs and a detailed physical description of the named person, with the appearance of the defendant, present in court. *Daniel v. State,* 585 S.W.2d 688, 691 (Tex.Cr.App. 1979). *See also Cain v. State,* 468 S.W.2d 856, 859 (Tex.Cr.App.1971).

 However, no matter which method the State elects to proceed under, it is incumbent upon the State to show a conviction. That was not done here. As stated by the Court of Criminal Appeals in *Morgan,* "No conviction, final or otherwise, has resulted until the trial court has entered judgment and sentenced the defendant, where sentences are required. Absent a showing that a conviction has resulted, the question of finality of the conviction is not reached." 515 S.W.2d at 280.

In *Morgan,* the court repeated the language of a prior case, *White v. State,* 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1961) stating: "In a felony case, the sentence is the final judgment of conviction, without which there is no final conviction ... We know of no way to show a final judgment in a felony case other than to also show the sentence." *Morgan,* 515 S.W.2d at 281. *See also Martinez v. State,* 531 S.W.2d 343, 345 (Tex.Cr.App.1976), where the Court wrote: "It is true that the judgment alone is insufficient and a sentence must be produced to establish jurisdictional requirements. A sentence is also required to establish the finality of a conviction used at

the punishment stage of a trial under Art. 37.07, V.A.C.C.P., or a conviction used for enhancement purposes."

 "Further, the proper predicate for the introduction of a defendant's 'prior criminal record' under the provisions of Article 37.07, V.A.C.C.P., must be laid in the trial court before the jury in the particular case should be permitted to consider the same." *Cain,* 468 S.W.2d at 861. In the instant case there is no evidence of a sentence, nor of a judgment. The overruling of appellant's objection was reversible error.

The judgment of the trial court is reversed and remanded.

---

2.  This should not be confused with allowing the State to cross-examine reputation witnesses with "have you heard" questions. See *Stephens v.* *State,* 660 S.W.2d 85 (Tex.Cr.App.1983); *Brown v. State,* 477 S.W.2d 617 (Tex.Cr.App.1972).