11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

 

Wilford Don Davis

Appellant

Vs.      
            No. 11-02-00162-CR
B Appeal from Jones County

State of Texas

Appellee

 

 On May 9, 2002, the trial court entered a
judgment revoking appellant=s community supervision and sentencing appellant to five years
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  In his sole appellate issue,
appellant complains that the trial court denied him his right to a speedy trial
by failing to act on his motion for speedy revocation and his subsequent motion
to quash motion to revoke.  We
affirm.   

In 1997,
the trial court placed appellant on community supervision for a term of five
years for a third degree felony DWI offense. 
About two months later, the 91st District Court of Eastland County
placed appellant on five years community supervision for a DWI offense that
occurred in Eastland County.  In July
2000, the 91st District Court of Eastland County revoked appellant=s community supervision as a result of
another DWI offense and sentenced him to three years confinement.  Although the Jones County District Attorney=s office had not filed a motion to revoke
appellant=s community supervision at that time,
appellant filed a motion for speedy revocation hearing in this cause on
September 6, 2000, and wrote a letter to the trial court requesting the trial
court to revoke his community supervision so that he could serve his sentences
concurrently.  The Jones County
Probation Department informed the trial court that it did not have any
violations on appellant at that time. 
Therefore, the trial court=s administrator wrote a letter to appellant acknowledging receipt of
the motion for speedy revocation and explaining that, because the Jones County
Probation Department did not have any violations on appellant at that time, no
motion to revoke would be filed.  








Appellant
obtained the help of the State Counsel for Offenders.  The Jones County District Attorney offered appellant a plea
bargain.  The Jones County District
Attorney agreed that appellant=s sentence would be for three years to run concurrently with his
Eastland County sentence. The terms of the State=s plea bargain offer required appellant to waive his right to a
community supervision hearing so that the trial court could revoke his
community supervision without having a hearing in Jones County, and the Jones
County District Attorney=s office prepared a proposed waiver of community supervision revocation
hearing.[1]  However, appellant refused to waive his
right to a hearing because the proposed waiver did not include a start date for
his Jones County sentence. On July 18, 2001, the State Counsel for Offenders
wrote the Jones County District Attorney a letter stating that appellant had
refused, in open court, to waive his right to a revocation hearing and that
there was nothing else that the State Counsel for Offenders could do.  Appellant claims that he wrote the Jones
County District Attorney to find out the start date for his sentence, but did
not receive any response.  

In
connection with a plea offer, the State filed a motion to revoke appellant=s community supervision on August 20,
2001.  The Jones County District
Attorney testified that this motion to revoke was based on appellant=s failure to report to his probation officer
and failure to pay required monthly payments during the time that appellant was
incarcerated.  The State filed the
motion so that appellant could waive his right to a revocation hearing and
request the trial court to revoke his community supervision under TEX. CODE
CRIM. PRO. ANN. art. 42.12, ' 21(b) (Vernon Supp. 2003). 
However, because appellant did not waive his right to a revocation
hearing, the motion was dismissed on October 15, 2001.  Thus, a plea agreement was never presented
to the trial court for consideration. 
Meanwhile, in October 2001, appellant was released on parole.  In February and March 2002, the State filed
a motion and an amended motion to revoke appellant=s community supervision based on violations
that occurred after appellant=s release on parole.  The trial
court heard the amended motion to revoke on May 9, 2002, and entered its
judgment revoking appellant=s community supervision and sentencing appellant to five years
confinement on May 9, 2002.








Appellant
asserts that the trial court=s failure to act on his September 6, 2000, motion for speedy revocation
violated his right to a speedy trial. 
The right to a speedy trial is applicable to probation revocation
proceedings.  Wade v. State, 83 S.W.3d
835, 837 (Tex.App. B  Texarkana 2002, no pet=n)(citing Carney v. State, 573 S.W.2d 24, 26
(Tex.Cr.App.1978)).  However, appellant=s filing of the motion for speedy revocation
did not trigger a right to a speedy trial. 
The right to a speedy trial arises when the State files a motion to
revoke.  Martinez v. State, 531 S.W.2d
343, 345 (Tex.Cr.App.1976).  The State
had not filed a motion to revoke when appellant filed his motion.  Therefore, appellant did not have the right
to a speedy trial.    

In his
motion for speedy revocation, appellant relied on Article 42.12, section 21(b)
for the proposition that he was entitled to a revocation hearing within 20 days
from the date that he filed the motion. 
Article 42.12, section 21(b) provides in part:

At any
time during the period of community supervision the judge may issue a warrant
for violation of any of the conditions of the community supervision and cause
the defendant to be arrested....A defendant so arrested may be detained in the
county jail or other appropriate place of confinement until he can be taken
before the judge....If the defendant has not been released on bail, on motion
by the defendant the judge shall cause the defendant to be brought before the
judge for hearing within 20 days of filing of said motion, and after a hearing
without a jury, may either continue, extend, modify, or revoke the community
supervision.      

 

Appellant was not
entitled to a hearing under this provision; he had not been arrested for
community supervision violations in Jones County at the time that he filed his
motion for speedy revocation.

The State
filed a motion to revoke in February 2002 and an amended motion to revoke on
March 20, 2002.  The trial court held
the hearing on the amended motion on May 9, 2002.  Thus, there was no denial of a speedy trial.                   

Appellant=s sole issue is overruled.  The judgment of the trial court is
affirmed.                            

JIM
R. WRIGHT

JUSTICE

April 3, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright, J., and 

McCall, J., and Dickenson, S.J.[2]











    
[1]See TEX.
CODE CRIM. PRO. ANN. art. 42.12, '
21(b) (Vernon Supp. 2003) which provides in part:

 

A judge may
revoke the community supervision of a defendant who is imprisoned in a penal
institution without a hearing if the defendant in writing before a court of
record in the jurisdiction where imprisoned waives his right to a hearing and
to counsel, affirms that he has nothing to say as to why sentence should not be
pronounced against him, and requests the judge to revoke community supervision and
to pronounce sentence.





     [2]Bob
Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at
Eastland sitting by assignment.