NUMBER 13-04-656-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

 

MARK ANTHONY PENA,                                                                
Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

On appeal from the 347th District
Court of Nueces County, Texas.

 

MEMORANDUM OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez and Castillo

                      Memorandum Opinion by Chief Justice Valdez

 

Appellant, Mark Pena, was found guilty of
robbery, and as a habitual felony offender as proven by enhancement allegations
in the indictment, was sentenced to thirty-five years= imprisonment in the Institutional Division
of the Texas Department of Criminal Justice. 
On appeal, appellant argues the evidence is insufficient to prove the
enhancement allegations.  We affirm.








I. 
BACKGROUND  

On September 9, 2004, appellant attacked and
then robbed Kevin Felix of his car and cell phone.  Later that night, Felix identified appellant
as his assailant.  Along with robbery,
the indictment also cited appellant=s two prior felony convictions.[1]  During the guilt-innocence phase of trial,
appellant testified that he had served time in prison for both of the
convictions cited in the indictment.                    

II. 
ENHANCEMENT ALLEGATIONS

By his sole issue, appellant argues that the
State failed to prove beyond a reasonable doubt that he was the same person
previously convicted, as alleged in the enhancement allegation.  








In evaluating this issue, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could find that appellant was the same person convicted
in the prior offenses beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Human v. State, 749 S.W.2d 832, 834 (Tex. Crim. App. 1988).  There are various acceptable methods to prove
the prior criminal record of a defendant.  Lyle v. State, 669 S.W.2d 853, 855‑56
(Tex. App.BCorpus Christi 1984, no pet.).  These include the following:  (1) testimony of a witness who identifies the
defendant as the same person previously convicted; (2) stipulation or judicial
admission of the defendant; (3) introduction of certified copies of the
judgment and sentence and record of the Texas Department of Corrections or a
county jail, including fingerprints of the defendant, supported by expert
testimony identifying them with known prints of the defendant; and (4)
comparison by the fact finder of a record of conviction that contains
photographs and a detailed physical description of the named person with the
appearance of the defendant in court.  Littles
v. State, 726 S.W.2d 26, 31 (Tex. Crim. App. 1987); Lyle, 669 S.W.2d
at 856.  However, this list is not
exclusive or exhaustive.  Human,
749 S.W.2d at 835.  Each case should be
judged on its own individual merits.  Littles,
726 S.W.2d at 32.

During the guilt-innocence phase of trial,
appellant testified that he had been convicted of aggravated assault in 1987
and burglary of a habitation in 1991, the two prior convictions alleged for
enhancement.  See Littles, 726
S.W.2d at 31; Lyle, 669 S.W.2d at 856. 
When an accused admits a prior offense or conviction, his testimony is
sufficient to connect him with the prior conviction, and the state need not
offer any further evidence to support this issue.  Wright v. State, 932 S.W.2d 572, 577
(Tex. App.BTyler 1995, no pet.) (citing Rascon v.
State, 496 S.W.2d 99, 102 (Tex. Crim. App. 1973)).  We conclude a rational trier of fact could
have found beyond a reasonable doubt that appellant was the same person
convicted of the prior offenses.  See
Jackson, 443 U.S. at 319; Human, 749 S.W.2d at 834.  Appellant=s issue is overruled.  

III. 
CONCLUSION

The judgment of the trial court is affirmed.


 

______________________

ROGELIO VALDEZ

Chief Valdez 

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this the 1st day of June, 2006.

 











[1] Appellant was convicted of
aggravated assault of a police officer, State v. Orea, No. F87-78291-JN
(195th Dist. Ct., Dallas County, Tex., June 25, 1987), and burglary of a
habitation with intent to commit theft, State v. Pena, No. 594207 (263rd
Dist. Ct., Harris County, Texas, July 1, 1991).